# Exhibit F



## WORKMAN | NYDEGGER
INTELLECTUAL PROPERTY ATTORNEYS

1000 EAGLE GATE TOWER, 60 EAST SOUTH TEMPLE | SALT LAKE CITY, UTAH 84111
TEL: (801) 533-9800 | FAX: (801) 328-1707 | www.wnlaw.com

CHAD E. NYDEGGER
Email: cnydegger@wnlaw.com
(801) 533-9800

November 20, 2012

**VIA FEDERAL EXPRESS**

Surface Products, Inc.
Attn: Danny Yehia
29 West 6th Avenue
Vancouver, British Columbia,
V5Y 1K2 Canada

Re:   *Infringement of 3form's Intellectual Property*
Our File:   15999.282-1

Dear Mr. Yehia:

Our firm represents 3form, Inc. ("3form") in connection with the protection and enforcement of 3form's intellectual property. 3form owns various intellectual property rights related to unique panel designs, products, and processes for creating the same, including patents (utility and design), copyrights, and trademarks. 3form has expended considerable resources creating and protecting its intellectual property and is dedicated to protecting and enforcing its intellectual property rights.

You may be aware that 3form has instigated a lawsuit against New GlasPro, Inc. ("GlasPro") for infringement of 3form's intellectual property. That case is pending in the United States District Court for the District of Utah and is entitled *3form, Inc. v. New GlasPro, Inc.*, Case No. 2:12-cv-00521-CW (D. Utah) (the "GlasPro Case"). In the GlasPro Case, 3form asserts that GlasPro manufactures, sells, and offers to sell products that infringe various U.S. patents and trademarks owned and/or licensed by 3form (hereafter the "3form IP").

It has come to our attention that Surface Products, Inc. ("Surface Products") is a distributor or sales representative for GlasPro. As such, Surface Products likewise infringes the 3form IP by using, selling, or offering to sell GlasPro's products accused of infringing the 3form IP. Consequently, 3form is preparing a Complaint against Surface Products to be filed in the United States District Court for the District of Alaska alleging infringement of the 3form IP. A draft copy of the Complaint is enclosed for your convenience.

3form would prefer to seek to resolve this matter against Surface Products without protracted litigation. To that end, 3form is willing to enter a settlement agreement whereby Surface Products will cease and desist using, selling, or offering to sell GlasPro's products accused of infringing the 3form IP, in return for which 3form will release i Surface Products for liability arising from its past uses, sales, or offers to sell GlasPro's products accused of infringing

the 3form IP. A list of the 3form IP and of GlasPro's products accused of infringing that IP is appended hereto as Exhibit A.

Should Surface Products choose to ignore this letter and not settle this matter promptly at this juncture, 3form will move forward with formal service of the enclosed Complaint and seek every legal remedy available to it. As you may be aware, under 35 U.S.C. §§ 284 and 289 3form's remedies include the right to recover at least "a reasonable royalty" up to the infringer's "total profit." Additionally, courts have interpreted 35 U.S.C. § 289 to allow a patent owner such as 3form to disgorge each infringer's "total profit" along the entire distribution chain of an infringing product. *See, e.g., Bergstrom v. Sears, Roebuck & Co.*, 496 F.Supp. 476, 496 (D. Minn. 1980) (holding that the design patent owner could recover profits from both the manufacturer and the retailer). Additionally, by providing this notice of infringement, any continuing infringement by Surface Products may constitute willful infringement. The court may also further "increase the damages up to three times the amount" and, in exceptional cases, "award reasonable attorney fees."

As explained, we hope that we can resolve this matter quickly on the general terms set forth above and without formal litigation. Please inform us by return letter no later than **December 3, 2012** whether Surface Products is interested in further pursuing such a settlement to this matter outside formal litigation.

We thank you in advance for your prompt attention to these matters, and look forward to receiving your response.

        Very truly yours,

        WORKMAN | NYDEGGER
        A PROFESSIONAL CORPORATION

        Chad Nydegger

        Chad E. Nydegger